UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 12-20305

GUILLERMO ARGUELLES, JR.,

    Defendant.
                                               /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS**

Defendant Guillermo Arguelles, Jr., who has been indicted of possessing a firearm as a felon in violation of 18 U.S.C. § 922(g), has filed a motion to suppress the four firearms recovered in a search of his residence, on the grounds that the search was executed under a warrant lacking in probable cause. The Government has responded in opposition, and the court held a hearing on September 24, 2012. Contrary to Defendant's arguments, the search-warrant affidavit provided probable cause to search both units of Defendant's two-family dwelling, and the court will deny the motion to suppress.

**I. BACKGROUND**

On March 9, 2012, a magistrate in Michigan's 36th District Court issued a warrant for "[t]he entire premises and curtilage of 6421 Gladys, described as a 2 story, two family light colored sided dwelling." (Search Warrant & Aff. 2, Dkt. # 16-1.) The warrant noted that "[t]he affiant seeks to enter both the upper and lower unit of this

address," and identified "the seller to be searched" as a twenty-three-year-old Hispanic male with a possible name of Guillermo Arguelles, Jr.  (*Id.*)

Detroit Police Officer P. Rodriguez submitted an affidavit detailing the facts supporting the search of the dwelling.  According to Officer Rodriguez, a confidential informant, who "on over 3 occasions . . . has provided information . . . that has proved to be credible and reliable," told police that "he/she had been at 6421 Gladys with in [sic] the last forty-eight hours and observed an amount of marijuana being packaged for sale by a person known to him/her as Jr."  (*Id.* at 1.)  The informant further indicated that "the location is a two family flat in which no one lives upstairs and the person in control of the location lives in the lower unit and only stores his drugs and weapons in the upper unit to avoid law enforcement detection."  (*Id.*)  In support of this statement, the informant noted that "he/she observed several weapons inside the upper unit of the location."  (*Id.*)  When Officer Rodriguez showed the informant a picture of Defendant, s/he "positively identified him as the person who is in control of the upper unit of 6421 Gladys along with the marijuana and the weapons, while living in the lower unit of the location," where he "stores his narcotics proceeds."  (*Id.*)

The informant also told Officer Rodriguez that "'Jr' drives [a] silver, Dodge Nitro and a tan Cadillac Deville."  (*Id.*)  On March 8, 2012, Officer Rodriguez drove by the residence and observed a Cadillac Deville bearing the license plate number given by the informant parked in the backyard.  (*Id.*)  A records search by Officer Rodriguez revealed that the Cadillac was registered to a Linda Jean Arguelles of 6421 Gladys, Apt. #1, and that Guillermo Arguelles, Jr., was also registered as living at the location.  (*Id.*)

Officer Rodriguez and other police officers set up surveillance of the residence on March 9, 2012. (*Id.*) The officers saw a person fitting Defendant's description drive a silver Dodge Nitro into the rear driveway of the residence. (*Id.*) After some time, a white Ford pick-up truck pulled into the alley at the mouth of the driveway. (*Id.*) A white male exited the truck and entered the backyard of the residence for a few seconds before returning to the truck and driving away. (*Id.*) Police conducted a traffic stop of the truck a short distance away from the residence and confiscated a plastic sandwich bag containing marijuana. (*Id.*) Therefore, Officer Rodriguez attested to a belief that "marijuana, weapons and narcotic proceeds are being stored and sold inside of the location." (*Id.*)

Police officers executed the search warrant on the evening of March 9, 2012. During the search, officers recovered a .25 caliber handgun, a .9 mm handgun, several boxes of live ammunition, and a magazine clip loaded with 25 rounds of ammunition. (Gov't's Resp. to Def.'s Motion Suppress 2, Dkt. # 16.) On May 9, 2012, a grand jury returned an indictment charging Defendant as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

## II. STANDARD

The Fourth Amendment, applicable to the states under the Fourteenth Amendment, provides that "no warrant shall issue but upon probable cause, supported by oath or affirmation." U.S. Const. amend. IV. "To demonstrate probable cause to justify the issuance of a search warrant, an affidavit must contain facts that indicate 'a fair probability that evidence of a crime will be located on the premises of the proposed search.'" *United States v. Frazier,* 423 F.3d 526, 531 (6th Cir. 2005) (quoting *United*

*States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005)). A probable cause determination is made in light of "the totality of the circumstances," *Illinois v. Gates*, 462 U.S. 213, 230 (1983), and the "standard is a 'practical non-technical conception' that deals with the 'factual and practical considerations of everyday life,'" *Frazier*, 423 F.3d at 531 (quoting *Gates*, 462 U.S. at 231). "When reviewing a magistrate's determination that probable cause existed for the issuance of a search warrant, [a court] must determine, under a totality of the circumstances, whether 'the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing.'" *United States v. Miggins*, 302 F.3d 384, 394 (6th Cir. 2002) (quoting *United States v. King*, 227 F.3d 732, 739 (6th Cir. 2000)). A court's review of the sufficiency of the evidence supporting probable cause is "limited to the four corners of the affidavit." *Frazier*, 423 F.3d at 531.

### III. DISCUSSION

Defendant argues that the search warrant was invalid because the affidavit did not specify which of the two units in the residence was to be searched and, in any case, probable cause did not exist to search the upper unit. Specifically, Defendant contends that the confidential informant's failure to indicate the unit in which s/he observed the packaging of marijuana and when s/he observed weapons in the upper unit dooms the warrant. This is not the case. *See United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000) (en banc) ("The affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added.")

When officers know or should know that a place to be searched is divided into separate dwelling units, they must limit the scope of the warrant to those units that they have probable cause to search. *Maryland v. Garrison*, 480 U.S. 79, 85 (1987). Here,

4

Officer Rodriguez's affidavit plainly provides probable cause to search both units of 6421 Gladys residence. It relates information from a confidential informant—whose veracity, reliability, and basis of knowledge Defendant does not contest, *see United States v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003)—that: marijuana had been packaged within the residence in the past forty-eight hours; Defendant lived in the lower unit, where he stored his narcotics proceeds, while also having control of the upper unit, where he stored narcotics and weapons; and several weapons were seen in the upper unit, (Search Warrant & Aff. 1).

Information that Defendant had control over and used both units provides probable cause to search the entire dwelling, in light of the confidential informant's indication that the residence was being used to sell marijuana. *See United States v. Hinton*, 219 F.2d 324, 326 (7th Cir. 1955) ("[P]robable cause must be shown for searching each [unit of an apartment building] unless it be shown that, although appearing to be a building of several apartments, the entire building is actually being used as a single unit."). Neither does the affidavit's failure to explicitly state that the confidential informant had observed weapons in the upper unit within the last forty-eight hours render the information stale. Police officers observed a drug transaction in the backyard of the residence the day the warrant was obtained and executed. This alone establishes probable cause to search the entire residence, which is alleged to be under the control of Defendant, as it implies that Defendant was using his home as a base for ongoing criminal activity. *See United States v. Hython*, 443 F.3d 480, 485 (6th Cir. 2006) ("The passage of time becomes less significant when the crime at issue is

5

ongoing or continuous and the place to be searched is a secure operational base for the crime.").

Moreover, even if the court were to determine that the search-warrant affidavit was lacking in probable cause, the evidence obtained should not be suppressed, based on the good-faith exception to the exclusionary rule. *See United States v. Leon*, 468 U.S. 897, 922 (1984) (holding that "evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant" is not subject to the exclusionary rule). Defendant has made no allegation that the magistrate who issued the warrant was misled by false information or had wholly abandoned his role as an impartial judicial officer; neither was the "affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable,'" nor was the warrant "so facially deficient . . . that the executing officers cannot reasonably presume it to be valid." *Id.* at 923 (quoting *Brown v. Illinois*, 422 U.S. 590, 610-11 (1975)). The officers who executed the search warrant on Defendant's home reasonably relied on its validity, and that fact alone makes suppression of the evidence seized during the search inappropriate.

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's motion to suppress [Dkt. # 15] is DENIED.

        s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 29, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 29, 2012, by electronic and/or ordinary mail.

 s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\12-20305.ARGUELLES.DenySuppressEvidence.set.wpd